LUIS SAMALEA IGLESIAS, Petitioner and Appellee, *v.* BLANTON WINSHIP, GOVERNOR OF PUERTO RICO, ET AL., Defendants and Appellants.

No. 7483.   Argued March 15, 1937.—Decided April 9, 1937.

*B. Fernández García, Attorney General,* and *Emilio de Aldrey, Assistant Attorney General,* for appellants. *F. Ponsa Feliú* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

██ The office of the District Judge of Bayamón originated under the express provisions of Act No. 57 of April 28, 1930 (Session Laws, p. 414). This act designated its term at 4 years and its salary at $5,000 per annum. On the 29th of April 1930, the Legislature approved Act No. 58 (Session Laws, p. 418) which provided that the offices of the Judges of the District Courts of Puerto Rico should be held by judges appointed for a term of ten years. It declared vacant the office of each judge, said provision to become effective ninety days after its approval.

The petitioner in this case, Luis Samalea Iglesias, received a recess appointment on July 29, 1930, and on March 16, 1931, was appointed for a term of ten years with the advice and consent of the Senate. His salary was twice reduced thereafter, to wit, by Act No. 40 of May 13, 1932, and the second time by Act No. 59 of May 15, 1933. The precise question to be determined by this court is whether those reductions were valid in view of the words contained in the thirteenth paragraph of section 34 of the Organic Act, as follows:

"Except as otherwise provided in this Act, no law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment, nor permit any officer or employee to draw compensation for more than one office or position."

The appeal before the court is from a declaratory judgment in favor of the petitioner which decreed the deductions under consideration to be null and void. The appellee has filed a motion to dismiss as frivolous.

From this brief statement of facts several conclusions may at once be drawn. One of them is that Act No. 57, *supra*, created the Judicial District of Bayamón, provided for the appointment of a judge and other officials, and fixed the term and salary of that judge. There is no doubt but that any person appointed to the office of District Judge of Baya-

món, on or after the date on which that act became a law, would have taken office under the terms of that special statute.

We come then to the effect of Act No. 58, *supra*. The appellants maintain that the latter act repealed Act No. 57 with regard to the office of District Judge of Bayamón and that when he was permanently appointed his salary was fixed by the Budget and hence could be reduced from year to year as was held in the case of *Arjona* v. *Winship*, 49 P.R.R. 50.

We cannot agree with appellants. Act No. 57 was complete and created a new judicial district. Act No. 58 was expressly limited to say: "that the offices of Judges of the District Courts of Porto Rico shall be held by judges appointed for a term of ten years; providing for their appointment and removal; declaring *vacant* the office of judge of each of the District Courts of Porto Rico, and for other purposes." This, we think, shows that the Legislature was not creating or abolishing offices of district judges. It merely declared them to be *vacant* which in itself assumes the existence of said offices and their continuance. The *office* of District Judge of Bayamón was created and still exists by virtue of Act No. 57 of 1930. Act No. 58 merely provided for a different term.

We find no possibility that the appellee's salary was really fixed by the Budget. There is no doubt that the salary was fixed by Act No. 57, and the Budget merely included a lump sum to cover the salaries and expenses of the Judicial District of Bayamón. Once a salary has been fixed by law, the fact that the Budget makes provision for its payment is not controlling.

It therefore becomes evident that when Luis Samalea Iglesias was appointed Judge of the District Court of Bayamón on March 16, 1931, his term of office was fixed at 10 years (Act No. 58, *supra*) and his salary was fixed at $5,000 by Act No. 57, *supra*. It follows that the deductions attempted by the Legislature in 1932 and in 1933 were deduc-

tions after his appointment and within his term, and as such were a violation of the principles of our Organic Act.

The case of *Durand* v. *Treasurer*, 50 P.R.R. 897, is squarely in point and governs the present appeal. In that case we held:

"We cannot agree with appellants that a denial of the legislative power to diminish plaintiff's salary confers upon him any special privilege. If it be true that plaintiff enjoys a privilege not conferred upon those who occupy similar positions in other district courts, that result follows from the act of the legislature in fixing his salary at a specified yearly amount instead of providing for a salary, the amount of which should be determined from year to year as in the *Arjona* case. It must be presumed that the legislature intended to do what it did and that it did this with full knowledge of the constitutional restriction upon its power. In any event, the question before us is not a question as to the intention of the legislature in fixing the salary but a question as to the power of the legislature to change that salary after plaintiff's appointment. The prohibition contained in paragraph 13, *supra,* is unqualified and the question as to the power of the legislature, after the appointment of an officer, to change his salary previously fixed at a specified yearly rate does not turn upon the intention of the legislature at the time when the salary was so fixed."

The appellants maintain also that the petition does not state a cause of action: (*a*) because the Organic Act does not, by express prohibition, prevent a general reduction in the same proportion to the salaries of all the employees of the Government, and (*b*) because it (the petition) mentions reductions in the petitioner's salary but fails to expressly allege that his salary was actually reduced, or that he was not paid his full salary, or that any of the defendants was illegally withholding any part of his salary.

As to (*a*), the opinion in the *Durand* case, *supra,* discusses the proposition and sufficiently disposes of the appellants' arguments. With regard to (*b*), we have examined the petition and it appears clearly enough that the Legislature reduced the petitioner's salary on two occasions after

appointment. The petitioner is not, in this proceeding, attempting to recover portions of unpaid salaries, but is merely seeking to obtain a judicial determination of the legality of the legislative enactments by which those reductions were effected. He alleges that his salary was reduced and that such reductions were against certain rights guaranteed by the Organic Act. He further alleges that the defendants maintain that those statutory reductions are valid and hence that a "difference" in regard to the construction or validity of those statutes has arisen for the determination of a proper district court.

Section 2 of Act No. 47 of 1931 (Session Laws, p. 378), being the Uniform Declaratory Judgment Law of Puerto Rico, says:

"Section 2.—(*Power to construe, etc.*)—Every person interested in a deed, will, written contract or other document constituting a contract, or whose rights, status or other judicial relations are affected by any *statute,* municipal ordinance, contract or franchise, may obtain a determination of any difference in regard to the construction or validity of said statutes, ordinances, contract or franchise, and also a declaration of the rights, status or other judicial relations derived therefrom."

The petition in the present case falls within the above-cited provision of the law and we find nothing lacking in the appellee's allegations the omission of which would subject his petition to a demurrer for lack of a cause of action.

The appeal must be dismissed as frivolous.

Mr. Chief Justice Del Toro and Mr. Justice Hutchison dissented.